ORIGINAL

1  ALEX STUCKERT, JR.
   1059 La Vaughn Circle
2  Corona, CA 92881
   Telephone: (951) 736-3650
3

4  Creditor and Plaintiff In Pro Se
   ALEX STUCKERT, JR.

FILED
MAY 21 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re

ROBERT PYKE,

    Debtor,

ALEX STUCKERT, JR.,

    Plaintiff,

v.

ROBERT PYKE,

    Defendant.

Case No. 2:10-BK-15706-ER

Chapter 11

Adv. No. _____

COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. § 523

[11 U.S.C. §§ 523(a)(2), (4), (6), 1328.]

*(HEARING TO BE SET BY SUMMONS)*

COMPLAINT FOR NONDISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. § 523

Creditor Alex Stuckert, Jr., the Plaintiff herein, alleges against the Debtor and Defendant Robert Pyke ("Debtor" or "Defendant"), as follows:

## JURISDICTION AND VENUE

1. Defendant filed a voluntary petition under Title 11 of the United States Code ("Bankruptcy Code") on February 17, 2010 ("Petition Date").

2. Jurisdiction over this adversary proceeding is proper pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (J) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises under and in connection with Defendant's chapter 11 case.

4. This Complaint initiates an adversary proceeding within the meaning of Federal Rules of Bankruptcy Procedure Rule 7001(4) and (6).

## PARTIES

5. Defendant/Debtor Robert Pyke is the debtor in the above-referenced Chapter 11 bankruptcy case and is an individual believed to be residing at 11 Dorado Place, Rolling Hills Estates, California 90274.

6. Plaintiff/Creditor Alex Stuckert, Jr. is an individual who resides in Corona, California.

## GENERAL ALLEGATIONS

7. Plaintiff was the founder, fifty percent owner, and president of Advanced Rigging & Logistics LLC, a California limited liability company ("ARL"), and was also the founder, one-third owner, and president of Global Equipment Logistics, a California corporation ("Global"). Jon A. Ciotti ("Ciotti") was the other fifty percent owner of ARL, and was also a one-third owner of Global. Defendant was the owner of a company called Pyke Construction, Inc., a California corporation ("Pyke Construction").

8.  In or about the spring of 2006, Plaintiff, Defendant and Ciotti agreed, in essence, to combine the operations of their respective businesses under the Global entity, to phase out operations under ARL and Pyke Construction, and to conduct all business under the Global entity on a going-forward basis. Defendant became a one-third owner of Global. Over the next approximately nine months, the parties took various actions in furtherance of that agreement, including moving into the same office and marketing their services under the name Global.

9.  On March 30, 2007, without warning, Defendant and Ciotti locked Plaintiff out of the business, purported to terminate his employment, and effectively stole his interest in the business. Over the next three years, Defendant and Ciotti operated the business for their own benefit, to the exclusion of Plaintiff, and took numerous actions which materially prejudiced Plaintiff's rights, including looting substantially all the value in the business, failing to pay Plaintiff compensation owed to him, failing to repay a loan Plaintiff had made to the company, failing to turn over employee payroll tax withholding to the taxing authorities, hiring several of Ciotti's friends and family members at inflated salaries, and intentionally destroying Plaintiff's credit.

10. On May 15, 2007, Plaintiff filed a lawsuit against Defendant, as well as Ciotti, Global, ARL, and Pyke Construction entitled Stuckert v. Global, et al., San Bernardino Superior Court Case No. CIVSS 701516 ("State Court Action"). Thereafter, Plaintiff filed a First Amended Complaint and the operative Second Amended Complaint ("Complaint") in the State Court Action. The Complaint alleged a total of 20 causes of action, as follows:

1. INVOLUNTARY DISSOLUTION;
2. BREACH OF FIDUCIARY DUTY;
3. CONVERSION;
4. BREACH OF CONTRACT;
5. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
6. COMMON COUNTS;
7. UNJUST ENRICHMENT;
8. CONSTRUCTIVE TRUST;

9. FRAUD;

10. NEGLIGENT MISREPRESENTATION;

11. INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE;

12. NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE;

13. FRAUDULENT TRANSFERS;

14. VIOLATIONS OF LABOR CODE;

15. UNFAIR BUSINESS PRACTICES;

16. DECLARATORY RELIEF;

17. INJUNCTIVE RELIEF;

18. WRONGFUL TERMINATION AND RETALIATION IN VIOLATION OF PUBLIC POLICY;

19. APPOINTMENT OF A RECEIVER; and

20. SLANDER.

11. After two and one-half years of intense pre-trial litigation, the second, third, fourth, fifth, ninth, tenth, thirteenth, fourteenth, eighteenth and twentieth causes of action were tried to a jury of 12 men and women in Department S-36 of the Superior Court of the State of California, in and for the County of San Bernardino, the Honorable Judge Donald Alvarez, presiding. At the defendants' request, the issue of punitive damages was bifurcated pursuant to California Civil Code section 3295(d). Phase I of the trial lasted five weeks. After hearing the evidence and arguments, the jury was duly instructed by the court and the cause was submitted to the jury with directions to return a verdict on special issues. The jury deliberated and thereafter returned into court with its verdict on November 24, 2009. The jury found in favor of Plaintiff and against all of the defendants, including Defendant Robert Pyke, on all causes of action.

12. Specifically, the jury found that Plaintiff suffered damages of $2,090,962.00 as a result of breach of contract by defendants Robert Pyke, Jon Ciotti, Global Equipment Logistics, and Pyke Construction, Inc. The jury also found that Plaintiff was harmed as a result of

- 3 -    COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

intentional misrepresentation, false promise, negligent misrepresentation, conversion, breach of the implied covenant of good faith and fair dealing, wrongful termination in violation of public policy, and non-payment of wages, by Robert Pyke, Jon Ciotti, Global Equipment Logistics, Pyke Construction, Inc., and Advanced Rigging Logistics, LLC, and the jury incorporated its damage award from the breach of contract special verdict form (CACI VF-303) into its special verdict findings on each of those other causes of action, just as specifically requested by Plaintiff's counsel during his closing argument. The jury also found Robert Pyke and Jon Ciotti liable for defamation, and awarded nominal damages of $1.00 against each of them. The jury also found Global Equipment Logistics liable for 30 days of waiting time penalties under Labor Code sections 203 and 218, at a daily rate of $769.20 per day (for a total of $23,076.00). The jury also found Robert Pyke and Jon Ciotti liable for breach of fiduciary duty, and awarded an additional $50,000.00 against each of them. The jury also found Robert Pyke liable for violation of the Uniform Fraudulent Transfers Act, and awarded an additional $50,000.00 in damages against him.

13. On the same special verdict forms, the jury also made affirmative findings based on clear and convincing evidence that Robert Pyke and Jon Ciotti, individually and as officers, directors and managing agents of Pyke Construction, Inc. and Global Equipment Logistics, acted with malice, oppression, or fraud, with regard to plaintiff's causes of action for defamation, intentional misrepresentation, false promise, conversion, wrongful discharge in violation of public policy, and breach of fiduciary duty.

14. Phase II was scheduled to take place the following morning, November 25, 2009. However, early that morning, Defendant, Ciotti and Pyke Construction all filed Chapter 7 bankruptcy petitions. Each was a "face sheet" filing with no schedules. All three parties failed to file their schedules and their bankruptcy cases were dismissed for that reason on or about December 18, 2009.

15. As noted above, Defendant thereafter filed the present Chapter 11 bankruptcy case on February 17, 2010, the afternoon before a scheduled hearing in the State Court Action on a motion by Plaintiff to appoint panel trustee Karl Anderson as receiver over Global and Pyke

Construction. That same afternoon, Ciotti filed a second Chapter 7 bankruptcy case, which is currently pending in the Riverside Division of this court. Defendant and Ciotti have been represented by the same attorney, David Haberbush, in all of the aforementioned bankruptcy cases.

16. In early March 2010, Plaintiff obtained relief from the automatic stay in both this case and in Ciotti's current bankruptcy case to allow the State Court Action to run its course, specifically including the punitive damage phase, entry of judgment, post-trial motions, and any appeal.

17. The State Court Action came on for Phase II of the bifurcated trial on March 12, 2010, in Department S-36 of the Superior Court, the Honorable Judge Donald Alvarez presiding. The same jury of 12 persons which heard and decided Phase I (and had not been released from their service or from the admonitions of the court) was reassembled to hear and decide Phase II. Witnesses, including Robert Pyke, were sworn and testified. After hearing the evidence and arguments, the jury was duly instructed by the court and the cause was submitted to the jury with directions to return a verdict on special issues. The jury deliberated and thereafter returned into court with its verdict on March 12, 2010, as follows:

> 1. What amount of punitive damages, if any, do you award Alex Stuckert against Robert Pyke?
>
> Answer: $750,000.00.
>
> 2. What amount of punitive damages, if any, do you award Alex Stuckert against Jon Ciotti?
>
> Answer: $750,000.00.
>
> 3. What amount of punitive damages, if any, do you award Alex Stuckert against Pyke Construction, Inc.?
>
> Answer: $750,000.00.

18. In sum, the jury awarded damages in favor of Plaintiff and against Defendant Robert Pyke in the amount of $2,940,963.00, all of which was either punitive, or for compensatory damages which were found to have resulted from Defendant's fraud, oppression, or malice.

- 5 -     COMPLAINT FOR NONDISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. § 523

Main Document    Page 7 of 12

## FIRST CLAIM FOR RELIEF

## 11 U.S.C. § 523(a)(2)(A)

19. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 18, inclusive, as though set forth fully herein.

20. Defendant's debt to Plaintiff, as memorialized in the jury's verdicts for $2,090,962.00 in compensatory damages for fraud, and an additional $50,000.00 for violations of the Uniform Fraudulent Transfers Act, was for money obtained by false pretenses, false representations and/or actual fraud. As such, that portion of the debt is nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

## 11 U.S.C. § 523(a)(2)(B)

21. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 18, inclusive, as though set forth fully herein.

22. Defendant's debt to Plaintiff, as memorialized in the jury's verdict for $2,090,962.00 in compensatory damages for fraud was for money obtained by use of a statement in writing that was materially false; (ii) respecting Defendant's financial condition; (iii) on which Plaintiff reasonably relied; and (iv) that Defendant caused to be made or published with intent to deceive. As such, that portion of the debt is nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(B).

## THIRD CLAIM FOR RELIEF

## 11 U.S.C. § 523(a)(4)

23. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 18, inclusive, as though set forth fully herein.

24. The entirety of the jury's verdict for compensatory and punitive damages against Defendant, with the exception of the $1 awarded for defamation, was for a debt resulting from Defendant's fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or

OF DEBT PURSUANT TO 11 U.S.C. § 523

larceny. As such, that portion of the debt is nondischargeable pursuant to 11 U.S.C. section 523(a)(4).

### FOURTH CLAIM FOR RELIEF

### 11 U.S.C. § 523(a)(6)

25. Plaintiff incorporates herein by this reference the allegations set forth in paragraphs 1 through 18, inclusive, as though set forth fully herein.

26. The entirety of the jury's verdict for compensatory and punitive damages against Defendant, was for a debt resulting from willful and malicious injury of Plaintiff by Defendants, as particularly evidenced by the jury's six (6) separate affirmative findings that Defendant acted with fraud, oppression, or malice in committing the various intentional torts against Plaintiff, and the subsequent award of $750,000.00 of punitive damages against Defendant individually. As such, the entire sum of $2,940,963.00 of compensatory and punitive damages awarded against Defendant is nondischargeable pursuant to 11 U.S.C. section 523(a)(6).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant as follows:

1. For a determination of nondischargeability, as set forth above;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: May 20, 2010

By: _____
Creditor and Plaintiff In Pro Se
ALEX STUCKERT, JR.

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**RECEIVED MAY 21 2010** CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk

| **PLAINTIFFS**<br>Alex Stuckert, Jr. | **DEFENDANTS**<br>Robert Pyke |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>In Pro Se<br>1059 La Vaughn Circle<br>Corona, CA 92881<br>(951) 736-3650 | **ATTORNEYS** (If Known)<br>David Haberbush |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination of non-dischargeability of state court jury verdicts for compensatory and punitive damages pursuant to 11 U.S.C. 523(a)(2), (4), and (6).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 2,940,963.00 |
| Other Relief Sought | |

American LegalNet, Inc.
www.FormsWorkflow.com

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Robert Pyke || BANKRUPTCY CASE NO.<br>2:10-BK-15706-ER |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Robles ||
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. ||
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE ||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]* |||||
| DATE<br>May 20, 2010 |||PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Alex Stuckert, Jr.||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

| Attorney or Party Name, Address, Telephone & FAX numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Alex Stuckert, Jr., In Pro Se<br>1059 La Vaughn Circle<br>Corona, CA 92881<br>951) 736-3650<br><br>*Attorney for Plaintiff* Alex Stuckert Jr., In Pro Se | **RECEIVED**<br>MAY 21 2010<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>Robert Pyke | CHAPTER 11<br><br>CASE NUMBER 2:10-BK-15706-ER |
|---|---|
| Debtor. | ADVERSARY NUMBER |
| Alex Stuckert, Jr.<br><br>Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br>Robert Pyke<br>Defendant(s). | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkFlow.com

Sum... s and Notice of Status Conference - Pag

F 7004-1

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| Robert Pyke | | 2:10-BK-15706-ER |
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

F 7004-1

